# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

BARBARA WILSON,

                                      CIVIL NO.: _____

       Plaintiff,

v.                                            **COMPLAINT**

SIMON CHASE ASSOCIATES, LLC       **JURY TRIAL DEMAND**

and

JANE REYNOLDS,

       Defendants.

_____

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Barbara Wilson (hereinafter "Plaintiff"), is a natural person residing in the County of Olmsted, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Simon Chase Associates, LLC (hereinafter "Defendant Chase"), is a collection agency operating from an address of 5815 Live Oak Pkwy. Suite A, Norcross, GA 30093 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Jane Reynolds (hereinafter "Defendant Reynolds") is a natural person employed by Defendant Chase as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to November 2009, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Chase for collection.

9. During the following months, Defendant Chase began a collection campaign that included numerous written communications and telephone calls to Plaintiff.

10. Upon information and belief, in August 2009, Plaintiff received a telephone call from Defendant Reynolds at work. Plaintiff asked Defendant Reynolds not to call Plaintiff at work again.

11. Despite conveying this fact, the telephone calls from Defendant Reynolds to Plaintiff's place of work persisted.

12. Plaintiff repeatedly demanded that Defendant Reynolds not call Plaintiff at work.

13. On numerous occasions Defendant Reynolds continued to contact Plaintiff at work in an attempt to collect the alleged debt.

14. The conduct of Defendants in causing the telephone to ring repeatedly and engaging Plaintiff in telephone calls at her place of employment after Defendants knew that the employer prohibits such communications are violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(3), 1692d, and 1692f amongst others.

## Respondeat Superior Liability

15. The acts and omissions of Defendant Reynolds, and/or the other debt collectors employed as agents by Defendant Chase who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Chase.

16. The acts and omissions by Defendant Reynolds and/or these other debt collectors were incidental to, or of the same general nature as, the

responsibilities these agents were authorized to perform by Defendant Chase in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, Defendant Reynolds and these other debt collectors were motivated to benefit their principal, Defendant Chase.

18. Defendant Chase is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

19. The above-detailed conduct by Defendants, of causing the telephone to ring repeatedly and engaging Plaintiff in telephone calls at her place of employment after Defendants knew that the employer prohibits such communications are violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and Minnesota law.

20. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

21. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

26. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

27. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff; and

28. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  April 22, 2010

 s/ Mark L. Vavreck                              .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220

6